GROSSINGER REALTY CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claims Nos. 35266, 36438.) — Appeal from an order of the Court of Claims directing the entry of judgment upon an award made for the appropriation of real property for highway purposes without suspension of interest for the period from July 24, 1962 to November 20, 1962. The pertinent statute provides for the suspension of interest on the award from the expiration of 30 days after notification by the Attorney-General to claimant or his attorney of his readiness and willingness to approve title to the property covered by the award upon presentation to him of proper instruments to the date of such presentation unless otherwise ordered by the court upon application by claimant or his attorney made on notice prior to the entry of judgment " showing a satisfactory reason why interest should not be suspended." (Court of Claims Act, § 19, subd. 4.) The Attorney-General served notice on claimant that he was ready to approve title to the subject premises upon the presentation of certain enumerated papers including a release of the lien of a subsisting mortgage thereon. The instrument of release not having been presented within the statutory 30-day period, claimant moved for an order directing the payment of the award without the suspension of interest. It is not contended that the delay in obtaining the release, comprehending about four months, was due to any unreasonable demand on the part of the State or that the required instrument was not necessary to complete its legal title to the premises appropriated. The reason assigned for the tardiness in procuring it is that claimant was engaged during the period of delay in the conduct of negotiations with the mortgagee whereby it attempted to retain the entire proceeds of the award without adverse effect upon the favorable interest rate provided by the mortgage. We do not doubt, of course, the right of respondent to have bargained at length with the mortgagee in an effort to attain the result desired. We are equally certain that the Legislature did not intend that the State should be burdened with the payment of interest on the award during the process. Order reversed, on the law and the facts, and motion denied, with $10 costs. Gibson, Herlihy and Taylor, JJ., concur; Bergan, P. J., and Reynolds, J., dissent and vote to affirm in an opinion by Reynolds, J. REYNOLDS, J. (dissenting). The sole question in issue is the propriety of the court below in vacating the suspension of interest for the period in dispute. Subdivision 4 of section 19 of the Court of Claims Act provides in pertinent part as follows: " Where an award is made for the appropriation by the state of real property or any interest therein or for damages to real property caused by the state, interest thereon, if any, shall be suspended by the clerk of the court in and by the judgment from the expiration of thirty days after notification in writing by the attorney-general to the claimant or his attorney

that the attorney-general is ready and willing to approve title to the property covered by the award upon the presentation to him of proper proofs, instruments and vouchers, to the date of such presentation, unless otherwise ordered by the court or a judge thereof on an application by the claimant or his attorney, made prior to the entry of judgment and on notice to the attorney-general, showing a satisfactory reason why interest should not be suspended." We construe the legislative intent in granting the Court of Claims the authority to vacate the suspension of interest to place the issue at the discretion of the court. As we view it, the court is not limited in finding claimant's reason satisfactory only to those situations where the State is at fault or where legal impossibility prevents securing all of the documents necessary to clear title within the prescribed time but may, in the reasonable exercise of its discretion, accept a reasonable excuse advanced by the claimant for his tardiness. "The purpose of the statute [§ 19, subd. 4] is to penalize a claimant who deliberately or negligently fails to clear title to the property appropriated and to procure the proofs and documents reasonably requested by the Attorney-General, while interest continues to run on the award." (*D'Agostino* v. *State of New York*, 9 A D 2d 724, 725.) Concededly the delay in the instant case resulted from the inability of claimant and its mortgagee to negotiate terms upon which the mortgagee would release its lien. On the facts in this case, however, we believe the Court of Claims could find that the necessity of such negotiations constituted a satisfactory reason for waiving the suspension of interest since the negotiations were not protracted by the negligence or inaction of the claimant but in the main by events beyond its control. The record reveals that though the claimant was available, the mortgagee could not arrange a conference immediately. When the conference was finally held terms agreeable to both parties were concluded subject to an inspection of the Grossinger Hotel premises by representatives of the mortgagee and the New York Savings Bank. This inspection was to take place promptly after the conference but was delayed due to the illness and subsequent death of the president of the New York Savings Bank. During this period of delay claimant suggested that the mortgagee execute the release and the proceeds of the award be invested in securities pending a conclusion of the negotiations. The mortgagee in a letter dated October 18, 1962 rejected this proposal and stated it would require $180,000 from the award to be applied to the reduction of the mortgagee's indebtedness. Claimant on October 23, 1962 agreed to these terms and instructed the mortgagee to insert the above figure in the release and to execute and return the same. Claimant received the executed release on November 2, 1962 and immediately forwarded it to its attorneys. The claimant's attorneys on receiving the release discovered that since the mortgagee required that the $180,000 be paid directly to it by the State an authorization, which formed part of the release, had to be executed by claimant. This was accomplished and the release dispatched to the State which received the same on November 20, 1962. On these facts, in our opinion, the Court of Claims could properly, in the exercise of its discretion, have waived the suspension of interest. The order appealed from should be affirmed.